THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOIS WILLOW ALLEN, *et al.*, | CASE NO. C18-1344-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| PUGET SOUND GUARDIANS, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Magistrate Judge Mary Alice Theiler's recommendation that this Court review Plaintiffs' complaint under 28 U.S.C. section 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.) Judge Theiler's recommendation follows her order finding that Plaintiff Allen financially qualifies for *in forma pauperis* ("IFP") status. (*Id.*)

Pursuant to section 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In their complaint, Plaintiffs allege that Plaintiff Herron "is illegally confined, over medicated, caused to suffer irretrievable health, robbed with false claims of his freedom and money." (Dkt. No. 1-1 at 5.) They seek "the freedom of [Plaintiff] Stewart Herron and compensation as the court sees fit." (*Id.*) Plaintiffs allege violations of the "[r]ight to life, liberty, and pursuit of happiness," the "[r]ight to a fair trial" because "King County Courts did evil," and the "[r]ight to privacy." (*Id.* at 3.) Plaintiffs provide no further information on the nature of the allegations or a legal theory supporting the relief they seek. Instead, Plaintiffs refer the Court to a 256-page exhibit, which includes drug side effects information, many documents detailing the sale of real property, various guardianship motions filed in various courts, and allegations of unfair or conspiratorial guardianship hearings. (*See generally* Dkt. No. 5-1.) Additionally, if federal review of Plaintiff Herron's guardianship proceedings is what Plaintiff Allen seeks, she fails to allege why this Court has jurisdiction to do so.

Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiffs have stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Because it is not "absolutely clear that no amendment can cure the defect[s]," Plaintiffs' case is DISMISSED without prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiffs may file an amended complaint no later than December 5, 2018. The Court will only order service if the amended complaint meets the requirements of Federal Rule of Civil Procedure 8. Specifically, Plaintiffs must allege a short and plain statement of the facts supporting each claim against each named Defendant, a basis for the Court's jurisdiction, the relief Plaintiffs seek, and a cognizable theory for that relief.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff Allen at 77 S. Washington Street, Seattle, Washington 98104 and to Plaintiff Herron at 745 N. 180th Street,

1. Shoreline, Washington 98133. The Clerk is directed to RENOTE Plaintiff's motion to appoint counsel (Dkt. No. 6) for December 5, 2018.

DATED this 14th day of November 2018.

William M. McCool<br>
Clerk of Court

s/Tomas Hernandez<br>
Deputy Clerk