UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOIS WILLOW ALLEN, *et al.*, | CASE NO. C18-1344-JCC |
| Plaintiffs, | ORDER |
| v. | |
| PUGET SOUND GUARDIANS, *et al.*, | |
| Defendants. | |

This matter comes before the Court *sua sponte*. On October 23, 2018, Magistrate Judge Mary Alice Theiler recommended that this Court review Plaintiffs' complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4 at 1.) Judge Theiler's recommendation followed her order finding that Plaintiff Allen financially qualifies for *in forma pauperis* ("IFP") status. (*Id.*) The Court previously directed Plaintiffs to file an amended complaint, but they have failed to do so. (*See* Dkt. No. 7.)

The Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In their complaint, Plaintiffs allege that Plaintiff Herron "is illegally confined, over medicated, caused to suffer irretrievable health, robbed with false claims of his freedom and money." (Dkt. No. 1-1 at 5.) They seek "the freedom of [Plaintiff] Stewart Herron and compensation as the court sees fit." (*Id.*) Plaintiffs allege violations of the "[r]ight to life, liberty, and pursuit of happiness," the "[r]ight to a fair trial" because "King County Courts did evil," and the "[r]ight to privacy." (*Id.* at 3.) Plaintiffs provide no further information on the nature of the allegations or a legal theory supporting the relief they seek. Instead, Plaintiffs refer the Court to a 256-page exhibit, which includes drug side effects information, many documents detailing the sale of real property, various guardianship motions filed in various courts, and allegations of unfair or conspiratorial guardianship hearings. (*See generally* Dkt. No. 5-1.) Additionally, if what Plaintiffs seek is for the Court to review Plaintiff Herron's guardianship proceedings, they have not alleged how the Court would have jurisdiction over such a claim.

Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiffs have stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, Plaintiffs failed to file an amended complaint after being given an opportunity by the Court. (Dkt. No. 7.) For those reasons, the Court DISMISSES Plaintiffs' complaint without prejudice. Plaintiff Allen's motion to appoint counsel (Dkt. No. 6) is DENIED as moot.

DATED this 19th day of December 2018.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE